This suit involves a claim for damages in the sum of $200 for the killing of a horse.
The plaintiff alleges that on September 29, 1942, at about half past four in the afternoon, a truck belonging to the B. 
R. Transfer Co., Inc., the defendant herein, ran into and killed his horse on the highway known as the Evangeline Highway at a point near Elton, in the Parish of Jefferson Davis. He avers that the horse was being driven across the highway and that the driver of a truck going east, on seeing it, stopped his truck but that the driver of the defendant truck, instead of taking the same precaution, swerved to the left of the forward truck and after passing it struck the horse a blow which caused it to die shortly thereafter.
The answer of the defendant is a simple denial of all the allegations of plaintiff's petition with no special defense being pleaded. On the trial of the case however it appears that the principal defense attempted to be proved was that the defendant's *Page 626 
truck was not involved in the accident at all for the reason, first, that it had not been identified by the man who claimed to have followed it after it struck the horse and obtained the license number and, secondly, because defendant had no truck traveling on that highway that day. A third defense attempted to be elicited from the testimony was to show that there was no negligence on the part of the truck driver. Plaintiff seems to have been satisfied to let all the testimony go in without objection and the trial judge in his written reasons for judgment discusses all three defenses without any reference to the pleadings. He seems to have been clearly of the opinion that it was a truck of the defendant which ran into the horse and killed it and that the negligence of the driver consisted in running at an excessive speed and in failing to slow down or stop when it became apparent that there was danger ahead on the highway. There was hardly any dispute with regard to the value of the horse and he accordingly made an award of $200. The appeal is from a judgment in favor of the plaintiff for that amount with legal interest and costs.
[1] We do not find much difficulty in agreeing with the trial judge on the point that it was a truck of the defendant which struck and killed the horse. There seems to be no reason to doubt the testimony of the witness Felman Manuel who was also driving a truck in the same direction as the other two on the highway and who followed the truck that ran into the horse as far as Elton, finally catching up with it at a street crossing there and obtaining the number on the license plate. That is the manner in which he identified the truck although he states that he also saw the name "B. R. Transfer Co., Inc." painted on its side. The number on the license plate was of course traced as having been issued in the name of the defendant.
[2] The main contention of the defendant seems to be based on the fact that some of its witnesses testified that before filing suit, the owner of the horse, Lloyd Garbarino, in charging the driver of the truck with having killed it, said that it was a red truck which had run into it. At the trial they offered proof to show that the only truck they had operating on that highway that day was a green truck and that the red truck which they owned was in a garage in Jennings undergoing repairs. The only person who claims to have identified the truck by the license number was the witness Manuel and he testified that he did not remember the color of the truck. Whether he told Lloyd Garbarino that the truck was a red truck or not is not shown. Nick Garbarino, Lloyd's father, who was driving the horse along the highway just before it was killed did not identify the truck in any manner. All he seems to know is that one of the trucks stopped in order to avoid running into the horse and the one immediately following it was the one which struck it. This last truck was the one identified by the witness Manuel from the license number as the defendant's truck.
[3] On the question of negligence of the driver of the truck, we believe that the district judge was correct in the conclusion he reached. With a truck preceding him on the highway and coming to a stop as did the one in front of him he should have realized that there was something ahead which caused the driver of that truck to take that step and this should have called for precaution on his part also. He either was following that truck too closely to stop immediately behind it or else he was running too fast and found it necessary to pass ahead of it to its left and could not stop before coming in contact with the horse which was crossing the road at that moment. In either event he was negligent and his negligence was the proximate cause of the accident.
[4] The case after all presents purely a question of fact and also the credibility of the witness Manuel on whose testimony we have already commented, and of the witness Nelson Fontenot, driver of the defendant truck. The latter testified that he was driving one of his employer's trucks that day on an errand which could have taken him on that highway but claims that he did not go that way having gone instead by way of Jennings as he wanted to stop and visit with his people. The trial judge evidently did not believe his testimony and we see no reason, in view of all other testimony in the case, why we should attach any more weight to it than he did.
[5] We find no reason to disagree with the findings of the trial judge both on the point of the liability of the defendant and on the amount of the award made for the loss of the horse, the value of which does not seem to be seriously disputed.
Judgment affirmed. *Page 627